### 46213. CAIN et al. v. HACKLEY.

EBERHARDT, Judge. Shortly after its birth on June 18, 1969, Dilcy Hackley left her illegitimate child with Willie Clyde and Lorena B. Cain, giving them a writing as follows: "I, Dilcy Hackley give this baby, Patricia Bernette, to the Cain's for shelter, love, and protection, but would like to know if they ever need me because I will always love Bernette, because I did not abandon her but tried to find a nice home for her because I didn't have a home for her, but I did have love but a child needs a little more than love. I hope she will love the Cain's as I have as a mother and father." She then went from Thomas County, where she and the Cains were living, to Tallahassee, Florida, and obtained employment.

In August, 1969 the mother brought a petition for habeas corpus in the State Court of Thomas County against the Cains, seeking to obtain custody of her child and, after hearing, an order was entered September 1, 1969, denying the petition and awarding custody of the child to the Cains. There was no appeal from that order.

On October 21, 1969, the Cains filed in Thomas Superior Court a petition seeking to adopt the child, attaching a copy of the writing which the mother had given them at the time of leaving the child in their custody. The mother answered, denying that she had ever consented that the child be adopted, and as-

serting that she left the child with the Cains because at the time she did not have a home in which to keep and care for it, that if there had been a consent she had not so intended and that any such consent was now specifically withdrawn, and that she was now gainfully employed and had a home. She asked that the child be returned to her.

The matter came on for hearing, and thereafter the judge of the superior court entered an order denying the petition for adoption and awarded custody to the mother. From that order the Cains appeal. *Held:*

1. The writing under which the Cains claimed the right to adopt the child cannot be construed as a contract for its adoption or as a consent thereto which the mother may not withdraw or revoke under the provisions of *Code Ann.* § 74-403 (1) (3), as amended. Cf. *Brazell v. Anderson,* 113 Ga. App. 15 (146 SE2d 921). Nothing is said in the writing about any adoption or proposed adoption of the child; rather, it is asserted that the Cains are to provide "shelter, love and protection" for it. The writing as well as the law, is to be construed in favor of the parent. *Allen v. Morgan,* 75 Ga. App. 738 (44 SE2d 500).

2. Absent a consent in writing from the mother of an illegitimate child there can be no adoption of it unless she has abandoned the child, or has surrendered it to a licensed child-placing agency (or it has been committed thereto by an order of court) or to the Department of Family and Children Services, or unless other conditions of *Code Ann.* § 74-403 are met. Hence there was no error in denying the petition for adoption.

3. The award of custody to the Cains in the habeas corpus proceeding is res judicata until and unless it has been set aside by proper proceedings on appeal, or until it be found by a court having jurisdiction of the matter that there has been a change of conditions which requires or justifies a change in the child's custody. *Jordan v. Jordan,* 195 Ga. 771 (25 SE2d 500); *Andrews v. Aderhold,* 201 Ga. 132 (39 SE2d 61); *Handley v. Handley,* 204 Ga. 57 (48 SE2d 827); *Healan v. Wright,* 217 Ga. 720 (124 SE2d 640) and citations; *Rogers v. Smith,* 222 Ga. 841 (152 SE2d 859).

Nothing in this record indicates that there has been a change of

conditions since the entering of the judgment in the habeas corpus proceeding in the State court, nor are there findings or recitals in the order appealed from by which it appears that there has been any determination of a change. Accordingly, it was error to award custody to the mother.

*Judgment affirmed in part; reversed in part. Hall, P. J., and Whitman, J., concur.*

SUBMITTED MAY 10, 1971—DECIDED SEPTEMBER 10, 1971.

*Altman, Herndon & Fowler, Larkin M. Fowler, Jr.,* for appellants.

*Frank L. Forester,* for appellee.