A97A2541. IN THE INTEREST OF S. K. R., a child.
(494 SE2d 558)

</div>

BLACKBURN, Judge.

In February 1993, Sandi Riley and Stephen Butler obtained a final divorce, with Butler being awarded primary custody of their minor child. On May 8, 1995, Riley filed a complaint for a change in custody, asking that she be awarded sole custody due to changed circumstances. In connection with this change in custody, she also asked that Butler be required to pay child support. Riley voluntarily dismissed her complaint without prejudice on August 25, 1995. On September 14, 1995, Butler filed a motion for attorney fees under OCGA § 19-6-2. The trial court granted the motion and awarded Butler $1,500 in attorney fees. We granted Riley's application for discretionary appeal and, for the reasons discussed below, reverse the trial court's award.[1]

Riley contends that the award of attorney fees was not authorized by OCGA § 19-6-2, since her action was for a change of custody. Georgia courts have repeatedly held that attorney fees are not recoverable in an action where the noncustodial parent seeks a change of custody. See *Owen v. Owen*, 183 Ga. App. 472, 473 (2) (359 SE2d 229) (1987); see also *Peacock v. Adams*, 230 Ga. 774, 775 (199 SE2d 254) (1973); *Wilkins v. Wilkins*, 234 Ga. 404, 406 (216 SE2d 302) (1975); *Haselden v. Haselden*, 255 Ga. 366, 367 (1) (338 SE2d 257) (1986). However, these cases have not specifically analyzed the issue under OCGA § 19-6-2. Accordingly, it is necessary to consider the language of that statute.

OCGA § 19-6-2 (a) allows a trial court, in its discretion, to award

---

[1] "[Butler has] failed to file a brief; accordingly, [he] must stand on the strength of the record before us, as the contents thereof are interpreted by this Court, and without benefit of any written appellate brief or oral argument." *Loftin v. Gulf Contracting Co.*, 224 Ga. App. 210, 213 (1) (480 SE2d 604) (1997).

attorney fees "at any time during the pendency of the litigation, whether the action is for alimony, divorce and alimony, or contempt of court arising out of either an alimony case or a divorce and alimony case, including but not limited to contempt of court orders involving property division, child custody, and child visitation rights." Thus, by its terms, OCGA § 19-6-2 authorizes an award of attorney fees only in (1) alimony cases, (2) divorce and alimony cases, and (3) contempt actions arising out of alimony or divorce and alimony cases.[2]

The present case does not fit into any of these categories. A petition for a change in custody due to changed circumstances is not a continuation of the prior divorce action. When a trial court enters a final decree in a divorce case settling the issue of custody, it does not thereafter retain jurisdiction to modify the decree to change the custody terms. *Fernandez v. Fernandez*, 232 Ga. 697, 699 (3) (208 SE2d 498) (1974). Rather, a petition to change custody must be brought as a *separate* action in the county where the custodial parent resides. *Jones v. Jones*, 178 Ga. App. 794, 795-796 (344 SE2d 677) (1986), aff'd, 256 Ga. 742 (352 SE2d 754) (1987); see also *Blalock v. Blalock*, 247 Ga. 548, 550 (277 SE2d 655) (1981); *Bullington v. Bullington*, 181 Ga. App. 256 (1) (351 SE2d 700) (1986); OCGA § 19-9-23 (a). Thus, the petition for change of custody is not a part of the divorce action, but is a separate proceeding.

Nor can this action be considered an alimony case, notwithstanding Riley's request for child support ancillary to the change in custody. It is true that "[t]he purpose of alimony is to provide support for the [spouse] and minor children." *McCurry v. McCurry*, 223 Ga. 334, 335 (1) (155 SE2d 378) (1967). However, "[t]he right to recover alimony depends upon a valid, subsisting marriage between the applicant and the [spouse] out of whose estate the allowance of alimony is claimed, and this is true even though it is claimed only for the support of a child." *Eskew v. Eskew*, 199 Ga. 513 (2) (34 SE2d 697) (1945). A court "has no power to grant a judgment awarding alimony, where at the time of the institution of suit therefor the relationship of husband and wife does not exist between the parties . . . by reason of a total divorce theretofore granted between the parties." *Allen v. Baker*, 188 Ga. 696 (2) (4 SE2d 642) (1939). Accordingly, Riley's request for child support ancillary to the change in custody cannot be considered a request for alimony, but is based on the statutory obligation of all parents to provide support for their children. See OCGA § 19-7-2; see

---

[2] Unlike OCGA § 9-15-14, an award of attorney fees under OCGA § 19-6-2 is not predicated upon the misconduct of a party. Rather, "[t]he purpose of allowing attorney fees [under OCGA § 19-6-2] is to ensure effective representation of both spouses so that all issues can be fully and fairly resolved." *Johnson v. Johnson*, 260 Ga. 443, 444 (396 SE2d 234) (1990).

also *Collins v. Collins*, 172 Ga. App. 748 (324 SE2d 475) (1984) (duty of parents to support children does not cease upon divorce).

Although certain statements in *Jayson v. Gardocki*, 221 Ga. App. 455 (471 SE2d 545) (1996), appear to imply a contrary result, they are merely dicta and not a part of the analysis in that decision. In any event, *Jayson* is not binding precedent as it was not fully concurred in by all three judges. See Court of Appeals Rule 33 (a).

Accordingly, as an award of attorney fees was not authorized under OCGA § 19-6-2, and as the trial court did not base its award upon any other applicable statutes or principles of law, the award of attorney fees must be reversed.

As the trial court did not award attorney fees pursuant to OCGA § 9-15-14, we need not consider Riley's contentions that such an award would have been improper. Given our above ruling, we also need not consider Riley's other contentions.

*Judgment reversed. Pope, P. J., and Johnson, J., concur.*

DECIDED DECEMBER 3, 1997.

*Paul M. Ledbetter, Jr.*, for appellant.
*Edward W. Gadrix, Jr.*, for appellee.

