### A98A0770. BOOMERSHINE PONTIAC-GMC TRUCK, INC. v. SNAPP.
#### (503 SE2d 90)

Judge Harold R. Banke.

Pursuant to the grant of an interlocutory appeal under OCGA § 5-6-35 (a) (10), Boomershine Pontiac-GMC Truck, Inc., appeals the award of attorney fees and expenses of litigation under OCGA § 9-15-14 to Clyde K. Snapp.

This appeal arises from litigation initiated by Boomershine against Snapp, Amit Construction, and Buckhead Pipeline for breach of contract and fraud connected with the purchase of a pick-up truck by Amit Construction. Although the truck was purchased in the name of Amit Construction, apparently Snapp was to be the actual owner because he was to pay for the truck and Snapp, through Buckhead Pipeline, was the owner of the truck given as a trade-in for the new truck. In its complaint, Boomershine contended that Snapp was deceptive in his dealings with Boomershine because, contrary to Snapp's representations, the title he provided on the trade-in truck was defective because the mileage was inaccurate, that Snapp fraudulently misrepresented the mileage on the trade-in, and that Snapp wrongfully withheld the title to the trade-in until he was paid $2,500. Additionally, Boomershine alleged that Snapp breached his contract with Boomershine because he failed to turnover the title to the trade-in vehicle as Boomershine contends he agreed to do.

Snapp answered Boomershine's complaint and filed a counterclaim against Boomershine alleging breach of contract and fraud in this transaction and also alleged a claim under OCGA § 13-6-11. The substance of Snapp's complaint was that Boomershine failed to pay him the $2,500 it promised and that Boomershine fraudulently reduced the value of his trade-in.

Buckhead Pipeline also answered Boomershine's complaint, but

Amit Construction failed to answer the complaint and a default judgment was entered against it. Later, Boomershine, without leave of court, purported to dismiss Buckhead Pipeline (see *Manning v. Robertson*, 223 Ga. App. 139 (476 SE2d 889)), and then attempted to revive its case against Buckhead Pipeline by first filing a renewal action under OCGA § 9-2-61 and when that action was dismissed, by moving for leave of court to add Buckhead Pipeline as a party. After this motion was denied, Boomershine proceeded against Snapp and also obtained a judgment against Amit Construction for $6,610.

Ultimately, the case against Snapp was tried to a jury. After the trial court directed a verdict in favor of Snapp on all of Boomershine's claims, the jury found for Boomershine on Snapp's counterclaims.

Subsequently, Snapp moved for award of attorney fees under OCGA § 9-15-14. The motion asserted a claim under OCGA § 9-15-14 (a) alleging that there was a complete lack of any justiciable issue of fact or law for Boomershine's complaint against Snapp, and that this was shown by the trial court's grant of a directed verdict, and also asserted a claim under OCGA § 9-15-14 (b) because Boomershine unnecessarily expanded the proceedings by dismissing Buckhead Pipeline and then attempting to bring Buckhead Pipeline back in the case.

The trial court granted the motion in an order which states in its entirety: "Defendant's motion for attorneys fees pursuant to OCGA § 9-15-14 having been presented to the court, and after consideration by the court of the defendant's motion and supporting documents, argument of the parties, pleadings, and all other matter of record, and after consideration of all applicable and controlling law,

"It is hereby ORDERED that defendant's motion for attorneys fees in the amount of $12,899.45 is GRANTED, so ORDERED this 11th day of September, 1997."

After the trial court granted Snapp's motion, Boomershine obtained permission for a discretionary appeal. Boomershine now contends that the award of attorney fees must be reversed because the trial court's order fails to make specific findings necessary to authorize an award of attorney fees under OCGA § 9-15-14, the trial court granted the motion without holding an evidentiary hearing, the trial court erred by considering evidence that it ex parte requested from Snapp and without giving notice or an opportunity to respond to Boomershine, and the trial court erred by granting the motion because no evidence was admitted that supported the motion. *Held*:

1. As the order awarding attorney fees to Snapp fails to state whether the award is made under OCGA § 9-15-14 (a) or (b) and fails to set forth the findings necessary to support such an award (see *Porter v. Felker*, 261 Ga. 421, 422 (3) (405 SE2d 31); *MacDougald v. Phillips*, 213 Ga. App. 575, 576 (1) (445 SE2d 357)), the award must

be vacated and the case remanded for reconsideration of this issue. *Southern Cellular Telecom v. Banks*, 209 Ga. App. 401, 402 (433 SE2d 606). Additionally, upon remand the burden will be upon Snapp to prove his costs of attorney fees and the reasonableness of those costs (id.), and Boomershine is entitled to an evidentiary hearing at which it might confront and challenge the value and the need for the legal services claimed. *Cohen v. Feldman*, 219 Ga. App. 90, 92 (464 SE2d 237).

2. Because of our disposition of this case in Division 1, supra, Boomershine's other enumerations of error are moot.

Accordingly, the order of the trial court is vacated and the case remanded for further proceedings consistent with this opinion.

*Judgment vacated with direction. Johnson, P. J., and Smith, J., concur.*

DECIDED JUNE 12, 1998.

*Stephen C. Whicker*, for appellant.
*McKinney & Salo, Jan McKinney*, for appellee.