## A00A2153. WALKER v. WALKER.
(546 SE2d 315)

ANDREWS, Presiding Judge.

Seeking a change of custody with respect to his two minor children, William D. Walker filed a pro se petition for the trial court to grant him physical custody of the children, terminate the physical custody rights previously awarded to the children's mother, Sara N. Walker, in a prior divorce decree, and award him appropriate child support. Based on a showing that the children, both of whom had reached the age of 14 years, had exercised their rights to select their father as the parent with whom they desired to live, the trial court entered a judgment which gave physical custody of the children to the father and joint legal custody to the mother and father, granted specific visitation rights to the mother, and ordered that the mother pay specified child support. The judgment also included a restraining order restricting contact between the father and mother.

We granted Mr. Walker's pro se application for discretionary review of the trial court's judgment. For the reasons which follow, we affirm parts of the judgment, reverse others, and remand the case to the trial court for further consideration.

1. Mr. Walker claims that the children's election to live with him required the trial court to award him not only physical custody of the children but also sole legal custody.

A child 14 years of age or older may select the parent with whom he or she desires to live, and this selection is controlling absent a finding by the trial court that the selected parent is unfit to have custody. OCGA §§ 19-9-1 (a) (3); 19-9-3 (a) (4); *Harbin v. Harbin*, 238 Ga. 109 (230 SE2d 889) (1976). Although this selection establishes which parent has physical custody, the trial court retains the authority, upon consideration of the best interest of the child, to designate that the parent with physical custody shall share joint legal custody with the noncustodial parent. OCGA §§ 19-9-1; 19-9-3 (a) (5), (d); 19-9-6; *In the Interest of A. R. B.*, 209 Ga. App. 324, 326-327 (433 SE2d 411) (1993); *Steed v. Deal*, 225 Ga. App. 35 (482 SE2d 527) (1997); *Baldwin v. Baldwin*, 265 Ga. 465 (458 SE2d 126) (1995).

Based on the evidence presented — and the fact that Mr. Walker did not contest the award of joint legal custody — the trial court properly exercised its authority in consideration of the best interests

of the children to award joint legal custody to both parents.

2. As part of the judgment, the trial court included a restraining order which stated in part that "neither party shall come about the other party's place of . . . residence or abode without the express permission of the other party . . . [and] [n]either party shall call the other party's residence. . . ." We agree with Mr. Walker's claim that these broadly restrictive aspects of the order are incompatible with the trial court's order that the parties communicate and consult with one another in the exercise of joint legal custody of the children. They are also incompatible with visitation rights awarded to the mother which contemplate that she will pick up and return the children at the father's residence, speak by telephone with the children at the father's residence, and telephone the father's residence to make arrangements for visitation. Accordingly, we reverse the above provisions of the restraining order and remand this case to the trial court for reconsideration of the restraining order in light of this opinion.

3. Contrary to Mr. Walker's contentions, we find that the trial court's judgment was sufficient to comply with the guidelines set forth in OCGA § 19-6-15 for computing the amount of child support.

In setting the amount of child support to be paid by the mother to the father as the custodial parent, the trial court stated the mother's gross income, the applicable percentage of that income which would have been required under the guidelines, and set forth findings of special circumstances that justified the court's award of child support below the minimum percentage in the guidelines. OCGA § 19-6-15 (b). As special circumstances justifying the reduced support, the court cited substantial assets listed on the father's financial affidavit, the mother's payment of health insurance for the children, and the court's conclusion that the father was capable of earning in excess of $50,000 per year. OCGA § 19-6-15 (c). We conclude the evidence supports the presence of these special circumstances and that they provide sufficient justification for the court's reduction of the mother's child support obligation. *Ehlers v. Ehlers*, 264 Ga. 668 (449 SE2d 840) (1994).

Because the record essentially showed that the father had no gross income, the support award did not include a written finding of the father's gross income as contemplated by OCGA § 19-6-15. Rather, the trial court concluded that the father was capable of earning in excess of $50,000 per year. Under these circumstances, the lack of a written finding as to the father's gross income was not a violation of OCGA § 19-6-15. "In certain circumstances, our case law has permitted earning capacity rather than gross income to be used to determine the amounts of . . . child support . . . to award in domestic cases." *Duncan v. Duncan*, 262 Ga. 872, 873 (426 SE2d 857) (1993). Evidence showing that the father had a mechanical engineer-

ing degree from the University of Alabama and had recently earned sums in excess of $50,000 per year was sufficient to support the trial court's findings as to earning capacity in lieu of a finding of gross income under OCGA § 19-6-15. Id.

4. As Mr. Walker points out, however, there is apparent confusion in the trial court's order as to the amount of child support awarded. The record shows that, at the conclusion of the trial, the trial court orally ordered that the mother pay child support in the amount of $100 per week ($50 for each child). This would average out to an award of about $433 per month based on an average of 4.33 weeks per month over the course of a 52-week year with 12 months. In its written order, however, the trial court ordered the mother to pay $400 per month in installments of $100 per week. Accordingly, on remand the trial court shall amend its judgment to clarify whether it intended to award child support in the amount of $400 per month or $100 per week.

5. Mr. Walker contends the trial court erred by failing to grant his recusal motion. The record does not reflect a ruling by the trial court on the recusal motion. Nevertheless, Mr. Walker waived the recusal issue for purposes of appellate review by going forward with the change of custody hearing without invoking a ruling on the motion. Sorrells v. Emory Hosp., 194 Ga. App. 558, 559 (391 SE2d 10) (1990). In any event, the motion was subject to denial by the trial judge because it was not timely filed within five days of the time Mr. Walker learned of the alleged basis for recusal and showed no good cause for the delay. Christensen v. State, 245 Ga. App. 165, 171 (537 SE2d 446) (2000); Wellons v. State, 266 Ga. 77, 88-89 (463 SE2d 868) (1995). Moreover, the affidavits supporting the recusal motion contain either bare conclusions or opinions not sufficient to support the motion or refer to alleged comments by the trial judge at a prior hearing which, although indicative of some irritation by the trial judge with Mr. Walker's conduct, did not indicate the type of personal bias necessitating recusal. Stephens v. Ivey, 212 Ga. App. 407-408 (442 SE2d 248) (1994); Dept. of Transp. v. City of Atlanta, 260 Ga. 699, 705 (398 SE2d 567) (1990).

6. There was no error in the trial court's failure to consider alleged past due child support, an issue not raised by the change of custody petition.

7. Contrary to Mr. Walker's contention, the trial court did not award year 1999 tax exemptions for the children to the mother. The trial court's sole ruling as to tax exemptions was that Mr. Walker was entitled to claim both children as tax exemptions on his year 2000 tax return.

8. We agree with Mr. Walker's claim that the trial court was without authority to award attorney fees to the mother in this case.

Attorney fees are not awardable in an action seeking change of custody by the noncustodial parent, even where child support is also sought. *In the Interest of S. K. R.*, 229 Ga. App. 652 (494 SE2d 558) (1997). The portion of the judgment ordering Mr. Walker to pay attorney fees of $500 is reversed.

9. Mr. Walker has failed to allege or demonstrate any harm caused by the trial court's denial of his motion to compel discovery. Accordingly, this enumeration of error is without merit. *Brown v. Brewer*, 237 Ga. App. 145, 148 (513 SE2d 10) (1999).

10. The claim that the trial court erred by failing to include, upon request, findings of fact and conclusions of law in the judgment is also without merit. The custody and visitation issues raised in the petition in this case were uncontested; therefore, no findings of fact and conclusions of law were necessary. OCGA § 9-11-52 (b). As to the child support issue, the trial court's order was sufficient to comply with the requirements of OCGA § 9-11-52.

11. On remand, the trial court shall add to its judgment the garnishment language contained in OCGA § 19-6-30 pertaining to child support orders.

*Judgment affirmed in part and reversed in part and case remanded with direction. Ruffin and Ellington, JJ., concur.*

DECIDED FEBRUARY 21, 2001 — ▪▪▪▪▪▪▪▪▪

William D. Walker, *pro se.*
*June S. Gamble*, for appellee.