## A03A0173. WEHNER v. PARRIS.
(574 SE2d 921)

ELDRIDGE, Judge.

Plaintiff-appellant Dennis K. Wehner filed a petition to modify child support downward ("petition"/"request for child support") in the Superior Court of Fulton County. Defendant-appellee Myra Susan Parris timely filed her answer and counterclaim, denying the material allegations of the petition and requesting that the petition be dismissed and that she be awarded attorney fees incurred in defending the action. Subsequently, Parris moved for summary judgment; Wehner amended his petition to add a claim for modification of child custody; the superior court granted Parris summary judgment on the petition, finding the evidence insufficient to warrant the downward modification of child support requested; and, by consent order, ultimately amended by the family court, the parties later resolved the child custody modification issue which remained. Parris had earlier filed the motion for attorney fees in issue — this in the amount of $13,680.62 and under OCGA §§ 9-15-14 and 19-6-22. We granted Wehner's application for discretionary review of the superior court's judgment awarding Parris attorney fees of $7,500[1] on the motion.

In addition to challenging the award of attorney fees, among other things, as failing to state whether the award was made under OCGA § 9-15-14 (a) or (b) or under OCGA § 19-6-22, Wehner now appeals contending: (a) that the superior court erred in awarding attorney fees as not authorized in a child custody action, and (b) that,

---

[1] Parris' motion for attorney fees in connection with her defense of the instant application for discretionary review remains pending below. See *Staten v. Staten,* 242 Ga. 399, 400 (249 SE2d 81) (1978) ("The trial judge has authority to enter an award of attorney fees to the wife's attorney for services rendered upon the husband's appeal in a divorce and alimony case. [Cit.]"); compare *Kent v. David G. Brown, P.E.,* 248 Ga. App. 447, 449 (1) (545 SE2d 598) (2001) (as true under OCGA § 9-15-14, attorney fees and expenses of litigation for proceedings before Georgia appellate courts not authorized under OCGA § 13-6-11).

even if deemed an action for modification of child support, the award of attorney fees was unauthorized in the absence of a duly noticed hearing to determine whether they were reasonable and necessary. Finding that the award of the superior court was silent as to the basis upon which attorney fees were awarded, whether under OCGA § 9-15-14 (a) or (b) or OCGA § 19-6-22, that attorney fees were awarded in the absence of a hearing upon inadequate findings, and that Wehner's action, as amended, was not a change in custody action barring attorney fees, we vacate the judgment of the superior court and remand. *Held*:

1. The order awarding attorney fees to Parris fails to state whether the award is made under OCGA § 9-15-14 (a) or (b) and fails to set forth the findings necessary to support an award thereunder (see *McKemie v. City of Griffin*, 272 Ga. 843, 844-845 (4) (537 SE2d 66) (2000); *Boomershine Pontiac-GMC Truck v. Snapp*, 232 Ga. App. 850, 851 (1) (503 SE2d 90) (1998)). Neither is it possible to discern whether or to what extent attorney fees were awarded under OCGA § 19-6-22. For these reasons, the award of attorney fees must be vacated and the case remanded for reconsideration of these issues. *Southern Cellular Telecom v. Banks*, 209 Ga. App. 401, 402 (433 SE2d 606) (1993). Further, on remand it will be Parris's burden to prove the cost of attorney fees as well as the reasonableness thereof. Moreover, Wehner is entitled to an evidentiary hearing upon due notice permitting him an opportunity to "confront and challenge the value and the need for the legal services claimed. [Cit.]" *Boomershine Pontiac-GMC Truck v. Snapp*, supra at 852 (1) (OCGA § 9-15-14 attorney fees); see also *Hilsman v. Hilsman*, 245 Ga. 555, 557 (2) (266 SE2d 173) (1980) (OCGA § 19-6-22 attorney fees may be granted in the discretion of the trial court upon motion and hearing "in modification actions [(OCGA § 19-6-19),] if such fees are determined necessary to insure a proper defense, and upon consideration of the present financial circumstances of the parties").

2. Citing *Walker v. Walker*, 248 Ga. App. 177 (546 SE2d 315) (2001), and *In the Interest of S. K. R.*, 229 Ga. App. 652 (494 SE2d 558) (1997), Wehner argues that the superior court's award of attorney fees was error as awarded in a child custody case. In this regard, he characterizes the instant action, as amended, as one for change in custody as to which his request for modification of child support was ancillary.

It is well settled that attorney fees are not authorized in an action for change of custody brought by the noncustodial parent. *In the Interest of S. K. R.*, supra. Neither are attorney fees authorized in a change of custody action in which a request for child support is also made. *Walker v. Walker*, supra at 179-180 (8); *In the Interest of S. K. R.*, supra. However, where, as here, the noncustodial parent

requests a change in custody ancillary to seeking a modification of child support these precedents are inapposite and do not control. To the contrary, "[w]here a petition [to modify alimony] is filed by a party obligated to pay alimony, the court may require the party to pay the reasonable expenses of litigation as may be incurred by the party's former spouse, either on behalf of the former spouse, or the child or children, or both, in defense thereof." OCGA § 19-6-22; *Hilsman v. Hilsman*, supra at 556-557 (2). That Wehner amended his action for modification of child support by a request for change in custody does not make the request for child support any less Wehner's primary action or alter the character of the request for change in custody as ancillary thereto. For these reasons, attorney fees are awardable in an action seeking modification of child support brought by the party obligated to pay child support, even where such party as the noncustodial parent also requests a change in custody. OCGA § 19-6-22; compare *Walker v. Walker*, supra; *In the Interest of S. K. R.*, supra.

3. In light of our disposition of Divisions 1 and 2, we need not address Wehner's remaining claims of error.

Accordingly, the order of the superior court is vacated and the case remanded with direction for further proceedings in light of this opinion.

*Judgment vacated with direction. Johnson, P. J., and Mikell, J., concur.*

DECIDED DECEMBER 6, 2002.

*Gibson, Deal & Fletcher, William A. Fletcher, Jr.*, for appellant.
*Pamela L. Tremayne*, for appellee.