## A05A0030. THORNTON v. INTVELDT.
### (614 SE2d 175)

ADAMS, Judge.

Jane Thornton Intveldt filed a complaint for modification of custody and modification of child support against her ex-husband Sam M. Thornton. In her complaint, Intveldt sought physical custody of the parties' two minor children, termination of her child support obligation and an increase in Thornton's child support obligation. Thornton answered and counterclaimed contending, inter alia, that he should be awarded custody of the children if the mother persisted in her efforts to change the current custody arrangement[1] and that the parties, the children and the stepparents should undergo a psychological evaluation.

The parties and the children submitted to psychological evaluations, and the parties participated in mediation to attempt to resolve their claims. Ultimately the parties settled the majority of the issues through mediation, and a "Consent Partial Final Order" was entered adopting the substance of the parties' agreement. Under the terms of the consent order, Intveldt was awarded sole legal and physical

---

[35] *Ga. Northeastern R. v. Lusk*, 277 Ga. 245, 246-247 (1) (587 SE2d 643) (2003).

[1] At the time the modification action was filed, the children, a boy and a girl, were living in their mother's home for one month and then in their father's home for a like period on an alternating basis.

custody of the parties' daughter and Thornton was awarded sole legal and physical custody of the parties' son.

Only two issues remained for resolution after the entry of the consent order. One, pertaining to custody and visitation, was the location where the parties would pickup and return the children: Intveldt requested pickup and return at the parties' residence, and Thornton requested that it be done at another location. The trial court resolved this issue in favor of Intveldt, but expressly provided that neither party was to come upon the property of the other except to provide transportation for visitation; that the parties were to remain in their vehicles, except to assist the children with their luggage or belongings; and that the party at whose home the child was being taken should not approach the car or its occupants.

The other remaining issue concerned the payment of child support. As to this issue, the trial court found that each parent was able to meet the financial needs of the child in their custody and that neither party would be responsible for the payment of child support to the other. Lastly, the trial court noted that each party had made a claim for attorney fees, but it reserved that issue for later determination. The trial court subsequently ruled on this issue, and ordered Thornton to pay Intveldt attorney fees in the amount of $3,000. The trial court did not specify the statutory or other authority under which the award was being made, and did not include any findings of fact in support of the award. We granted Thornton's application seeking discretionary review of this order, and this appeal followed.

Thornton contends that there is no legal basis to support the award of attorney fees to Intveldt. We agree. It is well settled that attorney fees are not authorized in an action seeking change of custody by the noncustodial parent, even where child support is also sought. *Walker v. Walker*, 248 Ga. App. 177, 179-180 (8) (546 SE2d 315) (2001); *In the Interest of S. K. R.*, 229 Ga. App. 652 (494 SE2d 558) (1997). See also *Cotting v. Cotting*, 261 Ga. App. 370, 372 (4) (582 SE2d 527) (2003) (award cannot be based on OCGA § 19-6-2 where action is for custody modification and has no contempt allegations). Compare *Wehner v. Parris*, 258 Ga. App. 772, 773 (2) (574 SE2d 921) (2002) (attorney fees awardable in an action to modify child support obligations, where custody issues are ancillary to that issue).

Intveldt argues, however, that the award was proper under OCGA § 9-15-14, and filed a motion for reconsideration in the trial court seeking to have the court amend its order "to include reference to OCGA § 9-15-14 and findings of fact to support said Order." This motion was not ruled upon, and the court did not adopt the proposed order attached to Intveldt's motion setting forth OCGA § 9-15-14 as the basis of the award. There is thus nothing in the record to suggest that the trial court awarded attorney fees pursuant to that section,

and we need not consider Intveldt's contention that attorney fees were authorized under that section. *In the Interest of S. K. R.*, 229 Ga. App. at 654.

*Judgment reversed. Smith, P. J., and Ellington, J., concur.*

DECIDED APRIL 19, 2005.

*Manko & Hogan, James D. Hogan, Jr.*, for appellant.
*Boyd, Collar & Knight, Robert D. Boyd, Catherine M. Knight*, for appellee.