## A06A2178. WEBB v. WATKINS.
(641 SE2d 611)

MILLER, Judge.

Following a contempt hearing upon the application of Sonya Watkins, the trial court entered an order finding Rodney P. Webb in wilful contempt of court for failure to make child support payments pursuant to its order legitimating the child and awarding attorney fees to Watkins. On appeal, Webb contends that the foregoing findings are error. We find that evidence of record supports the trial court's finding of wilful contempt by Webb and that no statutory authority supports the trial court's award of attorney fees. Accordingly, we affirm in part and reverse in part and remand with direction.

The record shows that on July 30, 2003, Watkins filed her petition to establish paternity of her natural child born out of wedlock. Webb timely responded, admitted that he was the child's father, and requested leave of court to legitimate the child. On October 1, 2004, the trial court entered its final order on Watkins's petition, declared the child to be Webb's legitimate child, and, among other things, required Webb to pay child support in the amount of $3,000 per month, beginning November 1, 2004. Webb and Watkins then had monthly incomes of $21,666.66 and $2,500, respectively.

Shortly after the final order was entered in October 2004, Webb lost his job and fell into arrears in making the required child support payments. On June 6, 2005, Watkins filed her application for contempt, alleging that Webb owed child support in an amount exceeding $8,500. Webb denied owing that sum. Following a contempt hearing on August 26, 2005, the trial court found Webb in wilful contempt for failure to pay child support in the amount of $15,140 and ordered him to purge the contempt by paying $7,570 by October 1, 2005, and the remainder at the rate of $841.11 per month for nine months. Further, the trial court awarded Watkins her attorney fees in the amount of $2,800 and indicated that, in addition to the foregoing amounts, Webb remained liable for monthly child support payments of $3,000.

1. Webb contends that the trial court erred by finding him in wilful contempt for nonpayment of child support. We disagree.

> The essence of civil contempt involved in a proceeding to enforce child support is [wilful] disobedience of a prior court order. *Crowder v. Crowder*, 236 Ga. 612 (225 SE2d 16) (1976). If there is *any* evidence in the record to support the trial judge's determination that a party has [wilfully] disobeyed a trial court's order, the decision of the trial court will be affirmed on appeal. Id.

(Emphasis supplied.) *Pate v. Pate*, 280 Ga. 796, 798 (3) (631 SE2d 103) (2006).

Webb's failure to make court-ordered child support payments in the amount of $15,140 was undisputed in the record. The evidence otherwise showed that at the time of the contempt hearing, Webb owned a watch valued in excess of $8,000 and a home in which he had equity of more than $7,000. Other evidence showed that, in contemplation of the contempt hearing, Webb transferred to his girlfriend a one-half interest in her $1 million home which she had quitclaimed to him at the time their cohabitation began. Under these circumstances, we find that the trial court was authorized to conclude that Webb had wilfully violated his obligation to pay child support pursuant to its legitimation decree.[1]

2. Further, Webb contends that the trial court erred in awarding Watkins her attorney fees because it failed to state the statutory basis under which the award was made. We agree, vacate the award, and remand with direction.

"As a general rule, Georgia law does not provide for the award of attorney fees even to a prevailing party unless authorized by statute or by contract. [Cit.]" *Suarez v. Halbert*, 246 Ga. App. 822, 824 (1) (543 SE2d 733) (2000). The order awarding attorney fees to Watkins is silent as to the basis upon which the award was made, and no basis for the same is discernible of record. Given the foregoing, "the award of attorney fees must be vacated and the case remanded for reconsideration of [the issue below]. [Cit.]" *Wehner v. Parris*, 258 Ga. App. 772, 773 (1) (574 SE2d 921) (2002). On remand, it will be Watkins's burden to show her attorney fees and the reasonableness thereof. Id. "An attorney cannot recover for professional services without proof of their value." (Citation and footnote omitted.) *Patton v. Turnage*, 260 Ga. App. 744, 748 (2) (580 SE2d 604) (2003). "[A] party seeking fees must also introduce evidence of hours, rates, or some other indication of the value of the professional services actually rendered." (Citation and punctuation omitted.) *Home Depot U.S.A. v. Tvrdeich*, 268 Ga. App. 579, 584 (2) (602 SE2d 297) (2004). In this regard, "[Webb] is entitled to an evidentiary hearing upon due notice [and] permitting him an opportunity to confront and challenge the value and the need for the legal services claimed." (Citations and punctuation omitted.) *Wehner*, supra, 258 Ga. App. at 773 (1).

*Judgment affirmed in part, vacated in part and case remanded with direction. Johnson, P. J., and Ellington, J., concur.*

---

[1] At the time of the hearing below, Webb was pursuing a downward modification of the court-ordered child support based on the loss of his job.

DECIDED FEBRUARY 1, 2007.

*Celeste F. Brewer*, for appellant.

Sonya Watkins, *pro se.*