## A07A1317. SINKWICH v. CONNER.
### (654 SE2d 182)

PHIPPS, Judge.

Scott Sinkwich appeals an order that he pay attorney fees incurred by Elizabeth Conner. For reasons that follow, we vacate the award and remand for proceedings consistent with this opinion.

In August 2005, Sinkwich petitioned the superior court to determine, as soon as medically feasible after the child's birth, whether he was the biological father of Conner's then unborn child; and if

paternity testing showed him to be the biological father, to declare the child his legitimate child and establish visitation and child support obligations. Contemporaneously filed with Sinkwich's petition was Conner's affidavit consenting to such legitimation upon the same condition. The child was born the following November, and subsequent paternity testing showed Sinkwich to be the biological father.

In March 2006, Conner filed an answer and counterclaim, seeking, among other things, "an award of reasonable attorney[ ] fees and expenses of litigation as may be incurred by her in this action." About five months later, the court entered orders declaring Conner's child the legitimate child of Sinkwich; establishing child custody, visitation rights, child support obligations, and other matters; and providing further that it would "accept an application from [Conner's] attorney for her fees and expenses," as well as Sinkwich's response thereto.

After receiving Conner's application and Sinkwich's response and conducting a hearing, the court issued an order in November 2006 pertinently stating:

> Ms. Conner argued the court has the inherent authority to award attorney[ ] fees because the legitimation petition involved issues of child support and visitation. . . . After consideration of the argument of counsel for the parties, the court accepts Ms. Conner's argument and [grants an] award of attorney[ ] fees to her.

Sinkwich contends on appeal that the award of attorney fees was not authorized. Conner correctly concedes that the trial court had no inherent authority to award attorney fees merely because the case involved issues of visitation and child support.[1] "Generally an award of attorney fees is not available unless supported by statute or contract."[2] Because the order in this case fails to specify any supporting statutory or contractual authority, the award is vacated.[3]

Conner seeks an affirmance of her attorney fee award under the right for any reason rule, pointing out that this action established paternity and that a court may order attorney fees in cases involving paternity under OCGA § 19-7-50.[4] Sinkwich counters that this Code

---

[1] See generally *Thornton v. Intveldt*, 272 Ga. App. 906 (614 SE2d 175) (2005).

[2] *Padilla v. Padilla*, 282 Ga. 273, 274 (1) (646 SE2d 672) (2007) (citation and punctuation omitted).

[3] See *Webb v. Watkins*, 283 Ga. App. 385, 386 (2) (641 SE2d 611) (2007); *Wehner v. Parris*, 258 Ga. App. 772, 773 (1) (574 SE2d 921) (2002).

[4] OCGA § 19-7-50 provides, "The court may order reasonable fees of counsel, experts, and the child's guardian ad litem and other costs of the action and pretrial proceedings, including blood and other tests, to be paid by the parties in proportions and at times determined by the court."

section provides no basis for attorney fees in this case, asserting that paternity testing had already determined he was the child's biological father by the time Conner obtained counsel and that therefore Conner did not incur any attorney fees contemplated by that statute.

While we may affirm an order under the right for any reason rule as a matter of judicial economy, we generally do so only "when the judgment may be sustained upon a legal basis apparent from the record which was fairly presented in the court below."[5] The record before us fails to make this showing. It does not contain Conner's petition for attorney fees, the evidence considered by the trial court, or a transcript of the attorney fees hearing. Thus, the right for any reason rule cannot be used to sustain Conner's attorney fee award under OCGA § 19-7-50.[6]

Given the foregoing, this case is remanded for the trial court to determine whether, and to what extent, Conner may recover attorney fees pursuant to OCGA § 19-7-50.[7] "When awarded by statute, [attorney] fees may be obtained only pursuant to the statute under which the action was brought and decided."[8]

> On remand, it will be [Conner's] burden to show her attorney fees and the reasonableness thereof. An attorney cannot recover for professional services without proof of their value. A party seeking fees must also introduce evidence of hours, rates, or some other indication of the value of the professional services actually rendered. In this regard, [Sinkwich] is entitled to an evidentiary hearing upon due notice and permitting him an opportunity to confront and challenge the value and the need for the legal services claimed.[9]

*Judgment vacated and case remanded. Johnson, P. J., and Mikell, J., concur.*

DECIDED NOVEMBER 8, 2007.

*Barry L. Fitzpatrick*, for appellant.

---

[5] *Bailey v. Hall*, 267 Ga. App. 222, 223, n. 1 (599 SE2d 226) (2004).

[6] See id.; *Lamar County v. E. T. Carlyle Co.*, 277 Ga. 690, 694 (3) (594 SE2d 335) (2004) (concluding that mixed questions of fact and law were not suitable for a right-for-any-reason analysis).

[7] See *Webb*, supra; *Wehner*, supra.

[8] *Monroe v. Taylor*, 259 Ga. App. 600, 601 (1) (577 SE2d 810) (2003) (citation and punctuation omitted).

[9] *Webb*, supra (citations and punctuation omitted).