S07F0463. PADILLA v. PADILLA.
(646 SE2d 672)

HUNSTEIN, Presiding Justice.

This case involves an appeal of a divorce decree entered on June 14, 2006, ending the marriage between appellant Don Diego Padilla

and appellee Shari Josie Padilla.[1] The Padillas were married in 1984 and settled in Florida. They had three children, only one of whom is still a minor. The couple separated in October 1998, and in March 1999, appellee moved with the three children to Lawrenceville, Georgia. The couple made attempts to reconcile but were unsuccessful.

After filing two previous divorce actions, both of which were dismissed without prejudice, appellee filed this action for divorce in April 2006. The parties resolved custody and visitation issues by agreement and submitted the remaining issues for resolution by the court. Following a bench trial, a final order was entered on June 14, 2006 granting the divorce, setting child support, allocating remaining property, and awarding attorney fees to appellee. Appellant filed a motion for new trial, which was denied, and thereafter filed this timely appeal.

1. The trial court awarded $8,500 in attorney fees jointly to appellee and her counsel herein and an additional $7,200 to appellee representing attorney fees paid to attorneys Richard Moore and Dan Landis, who represented appellee in prior legal actions separate from the instant divorce proceeding. Specifically, Attorney Moore represented appellee in a prior divorce proceeding filed in Gwinnett County and dismissed for lack of jurisdiction; Attorney Landis represented appellee in proceedings before the IRS in an effort to procure "innocent spouse" status with respect to a tax debt arising out of her husband's business. Appellant contends that the trial court lacked the necessary statutory basis to award the $7,200 in fees incurred in the separate proceedings.

"Generally an award of attorney fees is not available unless supported by statute or contract. [Cits.]" *Cason v. Cason*, 281 Ga. 296, 299 (3) (637 SE2d 716) (2006). The trial court's final order, however, sets forth no explicit statutory basis for its fee award.[2] Appellee contends that the award was proper under OCGA § 19-6-2. OCGA § 19-6-2 (a) authorizes an award of attorney fees "as a part of the expenses of litigation . . . [in an] action . . . for alimony, divorce and alimony, or contempt of court arising [therefrom]." In determining the appropriateness of such an award, the trial court is required to consider the financial circumstances of both parties. Id. at (a) (1). The purpose of such an award is to "ensur[e] effective representation of

---

[1] Appellant's application for discretionary appeal was automatically granted under this Court's pilot project in domestic cases. See *Wright v. Wright*, 277 Ga. 133 (587 SE2d 600) (2003).

[2] The trial court's bench ruling at the conclusion of trial, subsequently memorialized in its final order, is also silent as to the statutory basis for the fee award.

both spouses in an action arising out of a divorce. [Cit.]" *Cason*, supra at 300. Accord *Mixon v. Mixon*, 278 Ga. 446 (2) (603 SE2d 287) (2004).

Appellee offers no authority supportive of the proposition that an award under OCGA § 19-6-2 (a) may include fees incurred in proceedings prior to and independent of the underlying divorce action.[3] Moreover, neither the plain language of OCGA § 19-6-2 (a), nor its purpose of ensuring the adequate representation of the respective needs of both spouses in a divorce, supports the inclusion of fees from separate litigation in a fee award under OCGA § 19-6-2 (a). Accordingly, we reverse that portion of the trial court's final order that awarded appellee $7,200 in attorney fees for the services of Attorneys Moore and Landis.[4]

2. In light of the foregoing, appellant's second enumeration regarding the allegedly erroneous admission of statements reflecting fees appellee paid to Attorneys Moore and Landis is moot.

3. Appellant next contends that there was insufficient evidence to support the trial court's award of $2,500 to appellee as compensation for an automobile purchased during the marriage with appellee's non-marital funds, which appellant sold without appellee's consent after the couple separated. Appellee testified that she purchased the car, a 1991 Acura, in 1996 for $7,000; that appellant in 1999 or 2000 took it to Florida ostensibly to have its air conditioner repaired and never returned it; that at the time she did not think there was anything wrong with the car aside from the broken air conditioner; and that she did not know how many miles the car had on it when she purchased it nor did she know the car's Blue Book value as of the date appellant sold it. Appellant testified that he had the car repaired in 2000; that at that time the car had roughly 160,000 miles on it, was not reliable, would often stall, and possibly had transmission problems; that he spent $1,400 to fix the air conditioner and was thereafter given a $1,500 estimate for further repairs because it "still didn't run very well"; and that, thus, he sold it to a wholesaler in 2001 for $1,000.

The valuation of tangible personal property for which recovery is sought may be supported by evidence of its purchase price coupled with evidence of the item's condition at both the time of purchase and

---

[3] Contrary to appellee's contention, *Moon v. Moon*, 277 Ga. 375 (6) (589 SE2d 76) (2003), does not support her position. In *Moon*, this Court vacated the fee award at issue because of the trial court's failure to articulate the statutory basis for or provide fact findings in support of such award; as such, we expressed no opinion as to the propriety of the award insofar as it included fees incurred in separate (though apparently related) litigation.

[4] There has been no claim of entitlement to, nor any fact findings in support of, an award of attorney fees under OCGA § 9-15-14.

the time its value is at issue. *Champion v. Dodson*, 263 Ga. App. 286, 287 (587 SE2d 402) (2003).

> As to everyday objects, such as automobiles, the [factfinder] may draw from [its] own experience in forming estimates of market value. As to items of a common nature, the plaintiff need not offer any opinion evidence as to value and so long as the evidence contains facts upon which the [factfinder] may legitimately exercise [its] own knowledge and ideas, the question of value is properly left to the [factfinder].... [Cits.]

Id. at 291. See also *Braner v. Southern Trust Ins. Co.*, 255 Ga. 117 (3) (335 SE2d 547) (1985) (noting "existing rule" that opinion regarding value may properly be based on purchase price together with evidence of property's condition at time of purchase and time of loss); *White v. Miller*, 194 Ga. App. 816 (3) (392 SE2d 30) (1990) (evidence sufficient when plaintiff testified as to purchase price, age of vehicle, length of ownership, mileage, and condition).

In this case, the evidence regarding the Acura's market value at the time appellant sold it, though admittedly sparse, was sufficient to support a finding that its value was appreciably less than its $7,000 purchase price yet more than its $1,000 wholesale value. Thus, the trial court did not err in awarding appellee $2,500 for the vehicle.

4. In his final enumeration, appellant contends that the trial court erred by including as part of his gross income for purposes of calculating child support certain sums he received from his employer as reimbursement for job-related moving expenses. In its final order, the trial court determined appellant's gross income to be approximately $12,250 per month, a total of $147,000 per year, consistent with appellant's 2005 W-2s.[5] Appellant testified that this amount included approximately $31,000 paid either to him or to third parties for moving expenses incurred in connection with various job-related relocations.[6] Appellant contends that OCGA § 19-6-15 does not permit the inclusion of such amounts in determining his gross income for child support purposes. Appellee, though not disputing that the gross income calculation did include moving expense reimbursements, asserts that including such amounts was proper.

---

[5] There was also undisputed evidence that appellant's base pay increased during the course of 2005, but the trial court appears not to have taken that into account in its gross income calculation.

[6] Though appellee did not at the time and does not now challenge appellant's assertion that appellant's 2005 moving expense reimbursements totaled $31,000, the Court notes that a Wage Report generated by appellant's employer appears to indicate that appellant's relocation expense reimbursements for 2005 totaled approximately $20,700, with an additional $6,647 having been paid in 2004 and $5,542 paid in 2006.

Under former OCGA § 19-6-15 (b) (2),[7] "gross income shall include 100 percent of wage and salary income and other compensation for personal services . . . and all other income, except need-based public assistance." In addition, "economic in-kind benefits received by an employed obligor . . . may be included in calculating the obligor's gross monthly income." Id. at (b) (4). In *Hayes v. Hayes*, 279 Ga. 741 (620 SE2d 806) (2005), this Court upheld a gross income calculation that did not include such benefits as employer contributions to the obligor's life and health insurance premiums and retirement plan in part because these benefits did not cover daily personal living expenses. Id. at 743 (2). This Court went on to note that its holding was consistent with the soon-to-be-effective amended OCGA § 19-6-15, which provides for the inclusion of in-kind benefits " 'if they significantly reduce personal living expenses.' " (Footnote omitted.) Id.[8]

Under the reasoning set forth in *Hayes*, we hold that the trial court erred by including appellant's moving expense reimbursements in its calculation of appellant's gross income. Reimbursement of moving expenses does not improve the obligor's financial position but merely maintains the status quo from before a job-related move by offsetting the unusual and often significant costs incurred therein. Accordingly, we reverse the trial court's order insofar as it established child support based on a calculation of appellant's gross income that included the reimbursement of moving expenses, and remand to the trial court for a recalculation of child support consistent herewith.

*Judgment affirmed in part and reversed in part, and case remanded with direction. All the Justices concur.*

DECIDED JUNE 4, 2007 —
RECONSIDERATION DENIED JULY 12, 2007.

*Eric A. Ballinger*, for appellant.
*Moore, Ingram, Johnson & Steele, Victor P. Valmus*, for appellee.

---

[7] OCGA § 19-6-15 was substantially amended in 2005 and 2006, but such amendments did not become effective until after the final order in this case. See Ga. L. 2005, p. 224, §§ 5, 13; Ga. L. 2006, p. 583, §§ 4, 10 (b).

[8] This provision was initially, under the 2005 amendments, intended to be included as part of amended OCGA § 19-6-15 (e) (4) (A), see Ga. L. 2005 at p. 234; however, under the 2006 amendments, this provision is now codified at OCGA § 19-6-15 (f) (1) (C).