## A07A2138. SEBBY v. COSTO.

(658 SE2d 830)

MILLER, Judge.

Christopher Ryan Sebby appeals a trial court order awarding child support to Pamela Jean Costo, the mother of his minor child, and providing Sebby with certain visitation rights. Sebby claims that the trial court erred in disregarding his work schedule in determining his visitation rights and in failing to apply the revised child support guidelines adopted in 2005 and provided in OCGA § 19-6-15 et seq. We discern no error and affirm.

Sebby first claims that the trial court did not consider certain evidence regarding his work schedule in determining his visitation rights. Sebby failed to support this enumeration of error with citation of authority or argument, in violation of Court of Appeals Rule 25 (c). Moreover, Sebby failed to provide that a transcript of the hearing before the trial court be included in the record on appeal.

> This court is a court for the correction of errors[,] and its decision must be made on the record sent to this court by the clerk of the court below. . . . An appeal in which a consideration of the enumeration of errors is dependent upon a consideration of the evidence heard by the trial court will be affirmed if a transcript is not included as a part of the appellate record.

(Citation omitted.) *Waste Mgmt. of Metro Atlanta v. Appalachian Waste Systems*, 286 Ga. App. 476, 479 (1) (649 SE2d 578) (2007).

The absence of a transcript of the proceedings before the trial court is also fatal to Sebby's second enumeration of error — that the trial court failed to apply the revised child support guidelines provided in OCGA § 19-6-15 et seq. Those guidelines, as revised by the General Assembly in 2005, generally require that the trial court consider the incomes of both the mother and the father of the child in determining the amount of child support to be awarded. Id. While it does not appear that the trial court applied the revised child support guidelines, such guidelines did not become effective until January 1, 2007. See Ga. L. 2006, p. 583, § 10 (b).

Here, the trial court's order was issued "this 8th day of February, 2007, nunc pro tunc December 21, 2006." In Georgia, an order issued nunc pro tunc is designed to record some previously unrecorded action actually taken or judgment actually rendered. See *Colony Bank Worth v. Caterpillar Financial Svcs. Corp.*, 281 Ga. App. 397, 399 (636 SE2d 119) (2006). Although a nunc pro tunc entry may not be used to supply an order not yet made by the court, Sebby has failed to show that such order was not initially made during the hearing before the trial court, which appears to have taken place on December 21, 2006. "As the appellant, [Sebby] had the burden to affirmatively show error by the record. This he failed to do. Therefore, we must presume the trial court's judgment . . . is correct." (Citations omitted.) *Simmons v. Sopramco III, LLC*, 278 Ga. App. 830, 831 (630 SE2d 61) (2006).

*Judgment affirmed. Barnes, C. J., and Smith, P. J., concur.*

DECIDED MARCH 5, 2008.

Christopher R. Sebby, *pro se.*
Pamela J. Costo, *pro se.*