A08A2196. LAMBRIX et al. v. BHIMANI.
(673 SE2d 620)

JOHNSON, Presiding Judge.

In this dispossessory action, Kevin Lambrix and Keith Driskell appeal, pro se, the trial court's grant of a writ of possession in favor of Ayaz Bhimani. Lambrix and Driskell claim the issuance of the writ of possession was not supported by the evidence presented below. Finding no error, we affirm.

---

The record shows that Bhimani instituted dispossessory proceedings on May 27, 2008, claiming that Lambrix and Driskell failed to pay rent due on property owned by Bhimani in DeKalb County. Lambrix and Driskell timely answered, asserting that Bhimani failed to make repairs and keep the property habitable. Following a bench trial, the trial court entered a writ of possession in favor of Bhimani.

We first note that Lambrix and Driskell's appellate brief fails to provide any reference to the record to support their enumeration of errors. Court of Appeals Rule 25 (c) (2) (i) provides that "[e]ach enumerated error shall be supported in the brief by specific reference to the record or transcript." Allegations of fact appearing only in appellate briefs and unsupported by evidence in the record will not be considered on appeal.[1]

Moreover, Lambrix and Driskell's assertion that the evidence was insufficient to support the issuance of the writ of possession would require consideration of the evidence presented before the trial court. However, Lambrix and Driskell failed to file a transcript of the bench trial; nor did they attempt to reconstruct the proceedings in accordance with OCGA § 5-6-41 (g) and (i). "When a transcript of the evidence is necessary, as it is here, and the appellant omits it from the record or fails to submit a statutorily authorized substitute, we must assume that the evidence supported the grant of a writ of possession."[2] Lambrix and Driskell had the burden to affirmatively show error by the record, yet they have failed to provide this Court with any evidence to support their allegation of error. We therefore must presume that the trial court's judgment and issuance of the writ of possession was based on sufficient evidence.

*Judgment affirmed. Barnes and Phipps, JJ., concur.*

DECIDED FEBRUARY 13, 2009.

Kevin J. Lambrix, *pro se*.
Ronald K. Driskell, *pro se*.
Ayaz Bhimani, *pro se*.

---

[1] See *Hallisy v. Snyder*, 219 Ga. App. 128, 129 (2) (464 SE2d 219) (1995).

[2] (Punctuation omitted.) *Olubajo v. Deutsche Bank National Trust Co.*, 280 Ga. App. 154 (633 SE2d 543) (2006).