A10A1248. WILLIAMS v. MARCHANT et al.
(697 SE2d 288)

BLACKBURN, Judge.

In this dispossessory action, Geri Brown Williams, acting pro se, appeals the trial court's grant of a writ of possession in favor of W. A. and Glenda Marchant. Williams contends that the issuance of the writ of possession was improper because she had in fact paid the rent owed and because the Marchants failed to make repairs to keep the property habitable. For the reasons set forth below, we affirm.

The record shows that the Marchants instituted dispossessory proceedings on January 19, 2010, claiming that Williams failed to pay rent due on property owned by the Marchants in DeKalb County. Williams answered, asserting that the Marchants failed to make repairs to keep the property habitable and that the failure to make those repairs lowered the value of the property. A bench trial ensued, but Williams failed to appear. Following the trial, the court entered a writ of possession in favor of the Marchants. This appeal followed.

In her sole enumeration of error, Williams contends that the issuance of the writ of possession was improper because she, in fact, had paid the rent owed and because the Marchants failed to make repairs to keep the property habitable and in compliance with building codes. These contentions are without merit.

We first note that Williams's appellate brief fails to provide any reference to the record to support her enumeration of error. Court of Appeals Rule 25 (c) (2) (i) provides that "[e]ach enumerated error shall be supported in the brief by specific reference to the record or transcript. In the absence of such reference, the Court will not search for or consider such enumeration."

Furthermore, Williams's contention that the evidence demonstrates that she paid the rent owed and that the Marchants failed to make repairs necessary to keep the property habitable and in compliance with building codes would require consideration of the evidence presented during the bench trial of this matter. However, Williams failed to file a transcript of the trial and did not attempt to reconstruct the proceedings in accordance with OCGA § 5-6-41 (g) and (i). "When a transcript of the evidence is necessary, as it is here, and the appellant omits it from the record or fails to submit a statutorily authorized substitute, we must assume that the evidence supported the grant of a writ of possession." (Punctuation omitted.)

*Olubajo v. Deutsche Bank Nat. Trust Co.*[1] As the appellant in this matter, Williams "had the burden to affirmatively show error by the record. This [she] failed to do. Therefore, we must presume the trial court's judgment granting [the Marchants] a writ of possession is correct." (Punctuation omitted.) Id. at 155. See *Lambrix v. Bhimani*.[2]

*Judgment affirmed. Barnes, P. J., and Bernes, J., concur.*

DECIDED JUNE 25, 2010.

Geri B. Williams, *pro se.*
W. A. Marchant, *pro se.*
Glenda Marchant, *pro se.*

