### A11A0427. KENNEDY v. KENNEDY.
(711 SE2d 103)

PHIPPS, Presiding Judge.

Jesse Kennedy appeals from an order that established child custody, visitation, and support, as well as awarded attorney fees. He challenges those portions of the order that obligated him to pay child support and attorney fees. For reasons that follow, we affirm in part, vacate in part (with regard to the attorney fees award), and remand with direction.

As an initial matter, we note the paucity of the record before us. Pertinently, in his notice of appeal, Kennedy directed the trial court clerk to include in the appellate record "only the following documents: Order On Custody, Visitation and Child Support; . . . and Child Support Worksheets."[1] Our consideration of the contentions presented by Kennedy — who, as the appellant, has the burden to affirmatively show error by the record[2] — is affected by the meagerness of the record.

According to the trial court's order on appeal, Kennedy and his wife were divorced in Alabama, and in the final divorce decree, the Alabama court deferred ruling on issues of custody and support for their child because the child no longer lived in that state. Thereafter, the child's mother filed the underlying action in the Superior Court of Meriwether County, seeking a determination of those issues. Kennedy filed no responsive pleadings, but he appeared at the hearing. The order being appealed here states that, "[a]fter hearing and considering the evidence presented," the court awarded to the mother custody of the parties' then three-year-old child, set forth visitation parameters, obligated Kennedy to pay child support to the mother, and summarily ordered him to pay the mother's attorney fees. Attached to the court's order were a child support worksheet and several schedules.[3]

1. In several claims of error, Kennedy attacks that portion of the

---

[1] Kennedy also designated that an "Income Deduction Order" be included, which it was. That order is not relevant, however, to any issue on appeal.

[2] *Sebby v. Costo*, 290 Ga. App. 61, 62 (658 SE2d 830) (2008).

[3] See OCGA § 19-6-15 (m) (contemplating preparation of worksheets and schedules for purposes of calculating child support amount); *Stowell v. Huguenard*, 288 Ga. 628 (706 SE2d

order obligating him to pay child support. To each challenge, the mother counters that Kennedy has failed to carry his burden of demonstrating reversible error, given the absence of a hearing transcript from the appellate record.

(a) Kennedy takes issue with the fact that the child support worksheet showed that the mother had no monthly gross income. He contends that the trial court erred "in failing to make findings of fact regarding a deviation based upon zero income of [the mother]."

> The guidelines for computing the amount of child support are found in OCGA § 19-6-15 and must be considered by any court setting child support. "The child support guidelines . . . shall apply as a rebuttable presumption in all legal proceedings involving the child support responsibility of a parent." OCGA § 19-6-15 (c) (1). Although this presumptive amount of child support is rebuttable, *"deviations subtracted from or increased to the presumptive amount of child support* (must be) . . . supported by the required findings of fact and application of the best interest of the child standard . . . (and) shall be entered on the Child Support Schedule E — Deviations." OCGA § 19-6-15 (b) (8).[4]

Kennedy has not shown that a determination that the mother had no monthly gross income constituted a "deviation" that required the trial court to make findings of fact. While certain written findings of fact are mandated by OCGA § 19-6-15 where there is a child support "deviation,"[5] the statute contemplates that such a "deviation" is an increase or decrease from the "presumptive amount of child support."[6]

Next, Kennedy points out that gross income may be imputed to a parent. Indeed, OCGA § 19-6-15 (f) (4) (A) provides for such, inter alia, "if a parent fails to produce reliable evidence of income . . . for

---

419) (2011) (citing OCGA § 19-6-15 (m) (1) and noting that the child support guidelines require the trial court to use a child support worksheet, which should be attached to its final court order thereon).

    [4] *Stowell*, supra (citation and punctuation omitted; emphasis supplied).

    [5] OCGA § 19-6-15 (c) (2) (E); see *Holloway v. Holloway*, 288 Ga. 147, 148-149 (1) (702 SE2d 132) (2010) (citing OCGA § 19-6-15 (c) (2) (E)).

    [6] See OCGA § 19-6-15 (a) (10) (defining "deviation") and (a) (19) (defining "presumptive amount of child support"); *Johnson v. Johnson*, 284 Ga. 366, 367 (1) (667 SE2d 350) (2008) ("trial court is only required to make findings of fact if a deviation is applied altering the presumptive child support amount"). Cf. OCGA § 19-6-15 (a) (12) (defining "gross income" as "all income to be included in the calculation of child support as set forth in [OCGA § 19-6-15 (f)]"); see also OCGA § 19-6-15 (f) (1) (A) ("gross income" of each parent shall be determined "in the process of *setting* the presumptive amount of child support") (emphasis supplied).

determining current ability to pay child support . . . and the court or the jury has no other reliable evidence of the parent's income or income potential." Consequently, any evidentiary challenge by Kennedy to the trial court's determination that the mother had no monthly gross income would require consideration of the evidence presented during the hearing on this matter. However, Kennedy elected not to include in the appellate record a transcript of the hearing, and he did not attempt to reconstruct the proceedings in accordance with OCGA § 5-6-41 (g) and (i). When a transcript of the evidence is necessary and the appellant omits it from the record or fails to submit a statutorily authorized substitute, we must assume that the evidence supported the contested determination[7] — here, that the mother had no monthly gross income.

Accordingly, this contention provides no basis for disturbing the child support ruling.

(b) Kennedy contends that the trial court erred "in allowing a deviation for child care costs without proof thereof." Kennedy complains that the trial court made no findings of fact regarding child care costs; he further asserts that no proof of actual cost or payment was shown to the trial court as required by OCGA § 19-6-15 (h) (1) (D). This contention fails for two reasons.

First, the record shows no "deviation" for child care costs, as the term "deviation" is contemplated by OCGA § 19-6-15, so as to trigger the requirement of written findings of fact.[8] Instead, the child support worksheet, together with the Schedule D that accompanies that worksheet, show that the father's basic child support obligation was adjusted for the mother's work related child care costs.[9] And this adjusted amount was entered upon the child support worksheet as the "presumptive amount of child support."[10] Given these circumstances, Kennedy has failed to show that the trial court was required to make findings of fact with respect to the adjustment for the cited work related child care costs.[11]

Second, nothing in OCGA § 19-6-15 (h) (1) (D), cited by Kennedy,

---

[7] See *Williams v. Marchant*, 304 Ga. App. 631 (697 SE2d 288) (2010); *Sebby*, supra.

[8] See footnotes 5 and 6, together with the text they accompany.

[9] OCGA § 19-6-15 (a) (24) (defining "work related child care costs" as expenses for the care of the child that are "due to employment of either parent," as well as "costs associated with a parent's job search or the training or education of a parent necessary to obtain a job or enhance earning potential . . . if the parent proves by a preponderance of the evidence that the job search, job training, or education will benefit the child being supported").

[10] See *Stowell*, supra at 629 (explaining that, once the basic child support obligation is determined and each parent's pro rata percentage of that amount is calculated, "[t]he court must then find the adjusted child support obligation amount for each parent by adding to each parent's pro rata share any health related insurance or work related child care costs").

[11] See footnotes 5 and 6, together with the text they accompany.

provides for an outcome in his favor at this appellate stage. That Code provision states, in pertinent part, that "[i]f child care is or will be provided by a person who is paid for his or her services, *proof of actual cost or payment shall be shown to the court* before the court includes such payment in its consideration."[12] Kennedy's claim that there was no such proof submitted to the trial court fails as unsupported, given the scant appellate record he compiled.[13]

Consequently, this contention provides no basis for disturbing the child support ruling.

(c) Kennedy contends that the trial court "erred in omitting [his] obligation of health care from the Child Support Worksheets."

Specifically, Kennedy points out that, although the court's order obligated him to "provide health care insurance for the child," the Schedule D that was attached to the child support worksheet does not set forth any cost that he would incur for maintaining health insurance. Kennedy relies on OCGA § 19-6-15 (b) (6), which states that "[t]he monthly cost of health insurance premiums . . . shall be entered on the Child Support Schedule D — Additional Expenses." In addition, he relies on OCGA § 19-6-15 (h), which provides that "additional expenses for the child's health insurance premiums . . . shall be included in the calculations to determine child support" and that

> [t]he total amount of the cost for the child's health insur-ance premium . . . shall be included in the Child Support Schedule D — Additional Expenses and written order of the court together with the amount of the basic child support obligation.[14]

Once again, Kennedy's decision not to reveal to this court what evidence was presented at the hearing proves fatal to his contention. As the mother counters, without a transcript, this court cannot determine even whether there was any monthly cost to Kennedy for health care insurance for the child;[15] and if there was no cost to Kennedy, then no amount would be required to be entered on Schedule D.

Moreover, Kennedy has disregarded OCGA § 19-6-15 (m) (1),

---

[12] (Emphasis supplied.)

[13] See *Williams*, supra; *Sebby*, supra.

[14] OCGA § 19-6-15 (h) (2) (A) (iii).

[15] See, e.g., OCGA § 19-6-15 (h) (2) (A) (i) providing that any "[p]ayments made by a parent's employer for health insurance and not deducted from the parent's wages shall not be included").

which states in pertinent part:

> Schedules and worksheets shall be prepared by the parties for purposes of calculating the amount of child support. Information from the schedules shall be entered on the child support worksheet. The child support worksheet and, if there are any deviations, Schedule E shall be attached to the final court order or judgment[.]

The Schedule D, with which Kennedy takes issue, states on its face that it was prepared by the mother's counsel. The record before us does not show, and Kennedy does not assert, that he, too, prepared and presented to the court a Schedule D showing the amount that health insurance premiums would cost him. The record before us does not show, and Kennedy does not assert, that he otherwise provided *any* evidence of a cost that he would incur for health insurance premiums and that consequently should have been included on the Schedule D. And the record before us does not show, and Kennedy does not assert, that he objected to the trial court's consideration of the Schedule D which he now contests.

By electing to omit from the appellate record the transcript from the hearing, Kennedy has overlooked also OCGA § 19-6-15 (d). It states:

> In the event of a hearing or trial on the issue of child support, the guidelines enumerated in [OCGA § 19-6-15] are intended by the General Assembly to be guidelines only and any court so applying these guidelines shall not abrogate its responsibility in making the final determination of child support *based on the evidence presented to it at the time of the hearing or trial.*[16]

Notably, Kennedy makes no assertion that he was aggrieved by the fact that *Schedule D* does not set forth any amount for health insurance premiums. Indeed, the record shows that, in the order obligating Kennedy to pay a certain amount each month as child support, the trial court set forth a figure as the presumptive amount of child support, next "elected to deviate from the presumptive amount of support due to the Defendant's obligation hereunder to

---

[16] (Emphasis supplied.) See *Spurlock v. Dept. of Human Resources*, 286 Ga. 512, 516 (3) (690 SE2d 378) (2010) (OCGA § 19-6-15 (d) serves to emphasize that the qualitative determinations of whether special circumstances make the presumptive amount of child support excessive or inadequate and whether deviating from the presumptive amount serves the best interest of the child are committed to the discretion of the court).

provide health care insurance for the child," then ordered Kennedy to pay an amount less than the presumptive amount. Kennedy makes no argument with respect to the downward deviation.[17]

Limiting our holding to arguments raised, we conclude that Kennedy has demonstrated no basis for disturbing the child support ruling.

2. Contesting the attorney fees award to the mother, Kennedy points out that the trial court's order provided no statutory basis for the award and did not include any findings in support of the award.

"Generally, an award of attorney fees is not available unless supported by statute or contract."[18] The appellate record does not disclose the nature of any request for attorney fees, nor does it demonstrate any legal or evidentiary basis authorizing an attorney fees award. The mother has offered neither evidence nor authority supportive of her attorney fees award.[19] Instead, she "concedes that the Court failed to make findings of fact sufficient to support an award of attorney[ ] fees and that the case should be remanded to the Trial Court for an explanation of the statutory basis for the award and any findings necessary to support it."

Under these circumstances, we will not presume that the attorney fees award was authorized, and therefore, we vacate that portion of the trial court's order granting the award. This case is remanded on the issue of attorney fees, with any award thereon to include an explanation of the legal basis for it and any findings necessary to support it.[20]

---

[17] See generally OCGA § 19-6-15 (i) (2) (C) (allowing deviation for health related insurance) and (i) (3) (allowing for deviations "for reasons in addition to those established under this subsection when the court or the jury finds it is in the best interest of the child").

[18] *Padilla v. Padilla*, 282 Ga. 273, 274 (1) (646 SE2d 672) (2007) (citation and punctuation omitted).

[19] See OCGA § 5-6-42 ("If the appellant designates any matter to be omitted from the record on appeal as provided in Code Section 5-6-37, the appellee may, within 15 days of serving of the notice of appeal by appellant, file a designation of record designating that all or part of the omitted matters be included in the record on appeal."); Court of Appeals Rule 25 (b) (1) (appellee's brief shall point out any material inaccuracy or incompleteness of appellant's statement of facts and any additional statement of facts deemed necessary), (c) (2) (ii) (a contention that certain matters are not supported by the record may be answered by reference to particular pages where they appear).

[20] See *Holloway*, supra at 150 (2) (reversing attorney fees award, noting that if a trial court fails to make findings of fact sufficient to support an award of attorney fees under either OCGA § 19-6-2 or § 9-15-14, the case must be remanded to the trial court for an explanation of the statutory basis for the award and any findings necessary to support it); *Spurlock*, supra at 515 (3) (lack of mandatory written findings overcomes the presumption of regularity); *Padilla*, supra at 274-275 (1) (reversing attorney fees award, where trial court's order set forth no explicit statutory basis for the award and appellee offered no authority supportive of the award); *Sinkwich v. Conner*, 288 Ga. App. 320 (654 SE2d 182) (2007) (where record did not contain petition for attorney fees, the evidence considered by the trial court, or a transcript of the attorney fees hearing, the attorney fees award could not be sustained, and the case was

*Judgment affirmed in part and vacated in part, and case remanded. Andrews and McFadden, JJ., concur.*

DECIDED MAY 16, 2011.

*Anthony M. Zezima*, for appellant.
*Alan W. Connell*, for appellee.

---

remanded on issue of attorney fees); *Cotting v. Cotting*, 261 Ga. App. 370, 372 (2) (582 SE2d 527) (2003) (where appellate court was "in the dark" regarding trial court's intent and basis for ruling on attorney fees, the attorney fees award could not be properly reviewed and the case was remanded for clarification of the court's award). Cf. *Parekh v. Wimpy*, 288 Ga. App. 125, 127 (6) (653 SE2d 352) (2007) (rejecting, for lack of a transcript, the contention that the trial court erred in allowing jury to award attorney fees).