**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**RAY and RICKMAN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**March 29, 2018**

# In the Court of Appeals of Georgia

A18A0710. O'DWYER v. SCHULLER.

MCFADDEN, Presiding Judge.

Bernadette O'Dwyer appeals the order granting custody of her children to their father, Joseph Schuller. O'Dwyer argues that the trial court erred in finding a material change in circumstances warranting a change in custody from her to Schuller, but some evidence supports the trial court's decision. So we affirm.

"A petition to change child custody should be granted only if the trial court finds that there has been a material change of condition affecting the welfare of the child since the last custody award. If there has been such a change, then the court should base its new custody decision on the best interest of the child." *Simmons v. Wilson*, 343 Ga. App. 857, 862 (4) (806 SE2d 267) (2017) (citations omitted). See also *Daniel v. Daniel*, 250 Ga. App. 482, 483-484 (2) (552 SE2d 479) (2001) (once

a divorce decree has been approved and a permanent child custody award has been entered, the test for use by the trial court in change of custody suits is whether there has been a change of condition affecting the welfare of the child). On review, "this [c]ourt views the evidence in the record in the light most favorable to the trial court's order and will affirm the trial court's decision if there is any evidence to support it." *Lowry v. Winenger*, 340 Ga. App. 382 (797 SE2d 230) (2017) (citation and punctuation omitted).

So viewed, the record shows that in 2007, O'Dwyer and Schuller entered into a settlement agreement that was incorporated into their divorce decree. The agreement provided that the parties would share permanent joint legal custody of their three children, with O'Dwyer having primary physical custody and Schuller having secondary physical custody.

In May 2014, O'Dwyer graduated from college. She and Schuller discussed the children staying with Schuller because O'Dwyer was in a period of transition in which she sold her house and began to work full time. In August 2014, the parties essentially flipped the agreement from their divorce decree so that Schuller had primary custody of the children and O'Dwyer had the visitation that Schuller had had under the final judgment and decree. The children moved in with Schuller, and

Schuller and O'Dwyer registered the children for school in the district in which Schuller's house is located. Schuller changed jobs so that he no longer had to travel. Schuller's brother, sister-in-law, and their daughters moved from Ohio to live with Schuller and the children to insure that an adult would be present in the house when Schuller was away. The parties never memorialized this new arrangement with a written agreement, but in November 2016, Schuller filed a petition to modify custody, visitation, and child support to formalize the arrangement. The trial court conducted a hearing and then granted the petition, finding that "material changes of conditions began and have since occurred which affect the best interest and welfare of the minor children to support residing with their father as their primary physical custody parent." O'Dwyer filed this appeal.

O'Dwyer argues that the trial court abused his discretion because there was no material change of conditions that affected the children. But the evidence showed that since the parties' 2007 divorce decree — the only custody award and thus the point from which the court had to determine whether conditions had changed, see *Simmons*, 343 Ga. App. at 862 (4) — the children began to reside with Schuller and had enrolled in school in the father's district. This evidence supported the trial court's finding. See *New v. Goss*, 327 Ga. App. 413, 414-415 (2) (759 SE2d 266) (2014)

3

(children's enrollment in school was material change of condition affecting children's welfare). Thus we cannot say that the trial court erred by granting Schuller's petition to change custody.

*Judgment affirmed. Ray and Rickman, JJ., concur*.