**FIRST DIVISION**
**BARNES, P. J.,**
**MERCIER and BROWN, JJ.**

**NOTICE:** Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**August 21, 2019**

# In the Court of Appeals of Georgia

A19A1560. PAYNE v. MYATT.

MERCIER, Judge.

Simeon Payne appeals from two separate trial court orders that (1) resolved custody issues as to his son, B. P., and (2) found him in contempt for failing to pay attorney fees awarded to B. P.'s mother, Allison Myatt. For reasons that follow, we affirm the custody determination, but reverse the judgment of contempt.

B. P. was born in 2014 to Payne and Myatt. On August 10, 2017, Payne filed a petition for legitimation and custody, seeking to legitimate and obtain joint legal and primary physical custody of B. P. Although Myatt did not oppose the legitimation petition, she objected to Payne's custody request and filed a counterclaim for child support. She also sought an award of attorney fees.

The trial court granted Payne's legitimation petition on December 5, 2017, and entered a temporary custody order. In March 2018, it held a final custody hearing at which testimony and other evidence was presented. After hearing the evidence, the trial court granted the parties joint legal custody of B. P., but gave Myatt primary physical custody, awarded her child support, and established a visitation schedule. It also reserved the issue of attorney fees for future determination.

Several months later, on September 19, 2018, the trial court ordered Payne to pay Myatt $15,700 in attorney fees. Payne filed a timely motion for new trial on October 19, 2018, challenging the trial court's final custody determination, as well as the attorney fee award. The following week, Myatt moved for contempt sanctions against Payne, asserting that his failure to satisfy the fee award constituted "willful contempt" of the attorney fee order.

The trial court held a joint hearing on Payne's motion for new trial and Myatt's motion for contempt on November 27, 2018. In a written order entered that same day, the trial court held Payne in contempt for failing to pay the attorney fees. Almost two weeks later, on December 10, 2018, the trial court entered its order denying Payne's motion for new trial. This appeal followed.

1. Payne claims that the trial court erred in denying his motion for new trial as to custody because the court granted him "far less parenting time than what he and [B. P.] had enjoyed since the child's birth" and failed to consider B. P.'s best interest. Resolution of Payne's argument, however, ultimately depends upon a review of the evidence presented at the final custody hearing. And Payne failed to include a transcript from that hearing in the appellate record.

In the absence of a transcript, "we must presume that . . . the evidence supported the trial court's ruling." *In the Interest of S. B.*, 242 Ga. App. 184, 188 (3) (528 SE2d 278) (2000) (citation omitted). Moreover, the trial court's final custody order states that the court considered B. P.'s best interest in resolving the custody issue. Accordingly, this claim of error provides no basis for reversal. See id.; see also *Simmons v. Wilson*, 343 Ga. App. 857, 861 (1) (806 SE2d 267) (2017) ("[W]hen a transcript of the evidence is necessary and the appellant omits it from the record or fails to submit a statutorily authorized substitute, we must assume that the evidence supported the contested determination.") (citations and punctuation omitted).

2. Payne also argues that the trial court erred in finding him in contempt for not paying Myatt's attorney fees. Given the procedural posture of this case at the time of the contempt ruling, we agree.

3

Pursuant to OCGA § 9-11-62 (b), "[t]he filing of a motion for a new trial . . . shall act as supersedeas unless otherwise ordered by the court[.]" The record shows that Payne filed a timely motion for new trial following entry of the final order awarding attorney fees. Nothing in the trial court's order exempted the attorney fee award from OCGA § 9-11-62 (b) or placed any condition on the supersedeas. See id. ("[T]he court may condition supersedeas upon the giving of bond with good security in such amounts as the court may order."). Payne's obligation to pay the fees, therefore, was stayed pending resolution of his motion for new trial. See id. Compare *Franklin v. Franklin*, 294 Ga. 204, 208 (3) (751 SE2d 411) (2013) (motion for new trial did not stay enforcement of child support order where order stated that support obligation remained in effect during appellate proceedings).

On appeal, Myatt claims that the trial court orally denied Payne's motion for new trial at the joint hearing on November 27, 2018, before considering and ruling on the contempt motion. But "an oral pronouncement by a trial court during a hearing is not a judgment until it is reduced to writing and entered as a judgment." *Weiss v. Grant*, 346 Ga. App. 208, 213 (2) (b) (816 SE2d 335) (2018) (citation omitted). The trial court did not actually deny Payne's motion for new trial until it entered the written order on December 10, 2018, well after it ruled on the motion for contempt.

4

Because OCGA § 9-11-62 (b) automatically stayed the attorney fee award pending resolution of the motion for new trial, Payne was not obligated to satisfy the payment obligation when the trial court held him in contempt.[1] See *Hunnicutt v. Hunnicutt*, 248 Ga. 516, 519 (3) (283 SE2d 891) (1981). The trial court's contempt ruling, therefore, was error and must be reversed. See id.

*Judgment affirmed in part and reversed in part. Barnes, P. J., and Brown, J., concur.*

---

[1] Despite Myatt's claim to the contrary, Payne clearly raised this supersedeas argument below, asserting in his written response to the contempt motion that he could not be held in contempt because he had "a pending Motion for New Trial."