**FIFTH DIVISION**
**MCFADDEN, C. J.,**
**MCMILLIAN, P. J., and SENIOR APPELLATE JUDGE PHIPPS**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**January 28, 2020**

# In the Court of Appeals of Georgia

A19A2475. WILSON v. GUERRERO.

MCMILLIAN, Presiding Judge.

Following our grant of his application for discretionary review, Wesley Wade Wilson appeals from the denial of his motion for new trial in this child support case, contending that the trial court failed to comply with OCGA § 19-6-15 in calculating the child support award and that the court erred by awarding attorney fees. As more fully set forth below, we now vacate the award of child support and attorney fees and remand for further proceedings.

The record shows that appellant Wilson and appellee Berenice Guerrero (hereafter "Father" and "Mother") are the unmarried parents of a daughter, who was born in December 2007. In November 2009, the parties entered into a Final Consent Order ("Consent Order"), pursuant to which the Father legitimated the child; the

consent order further established primary physical custody in the Mother with visitation granted to the Father and set the amount of child support the Father was to pay to the Mother on a monthly basis. In 2016, the Father filed a petition for modification of the consent order seeking to modify the provision of the Consent Order that prohibited either parent from having unrelated members of the opposite sex stay overnight while the child was in their custody. The Mother, who had since married, filed an answer to the petition in which she opposed the change to the overnight guest provision, noting that the Father's violation of the provision had been the subject of previous court proceedings that he did not mention in his petition; the Mother also filed a counterclaim seeking an increase in child support.

Following an evidentiary hearing, the trial court entered a final order on April 3, 2017, in which it denied the Father's request to remove the provision of the Consent regarding overnight visitation.[1] Additionally, the trial court granted the Mother's request for an increase in child support from $900 per month to $1142 per month and her request for attorney fees in the amount of $5,000.

Father filed a "Motion for New Trial and Motion for Reconsideration," challenging the award of attorney fees on several grounds and challenging the

---

[1] This portion of the trial court's order is not challenged on appeal.

evidence presented to support the finding by the trial court that the Mother had paid $4,195 a year for extracurricular activities for the child. The trial court denied the motion for reconsideration on May 10, 2017, and following a hearing, denied the motion for new trial on May 15, 2018. The Father filed an application for discretionary review, which we granted, and then a timely notice of appeal.[2]

1. In two related enumerations of error, Wilson challenges the attorney fee award, contending that the trial court erred in awarding attorney fees based on the court's inherent power to award fees. We agree that reversal of the attorney fee award is required and that the case must be remanded for further proceedings on this issue.

The record shows that the Mother made a request for attorney fees in her answer and counterclaim, but did not specify a basis for the award other than she had been forced to hire counsel to defend against the modification petition. She did not subsequently file a separate motion requesting a fee award, and although the Mother was questioned concerning the amount she paid to retain counsel at the hearing on the modification petition and her counsel alleged the Father, who is an attorney practicing family law, had engaged in certain discovery abuses, the Mother never mentioned a

---

[2] We dismissed the Father's original appeal, which was docketed in this Court as Case No. A18A0546, on the basis that the judgment was not yet final because the trial court had not yet ruled on the pending motion for new trial.

statutory basis for the award. The Father's attorney opposed the award, pointing out that the Mother had never filed a motion to compel or request for sanctions due to the alleged discovery abuses.

In the final order on the modification petition, the trial court outlined the Father's alleged discovery abuses, which it summarized as his failure to fully respond to or supplement discovery requests despite repeated requests and controlling law and his failure to provide a signed and notarized Domestic Relations Financial Affidavit ("DRFA") to the trial court or the Mother as required by the governing statute. Noting its "broad discretion" and "inherent power" to award fees when a motion is made by either party or on its own initiative, the trial court concluded that "[g]iven the fact that the Father is a licensed attorney practicing family law, the Court finds his behavior inappropriate" and ordered him to pay $5,000 to the Mother's counsel within 30 days.

The Father challenged the fee award in his motion for new trial/motion for reconsideration, arguing as he does on appeal that the evidence was insufficient to support the fee award; that the Mother's counsel did not identify with particularity what conduct he was being sanctioned for; the trial court failed to provide a statutory basis for the award; and he was not put on notice as to the statutory basis for the award. In its order denying the Father's motion for new trial, the trial court stated that

4

the attorney fee award "reflects both the relative financial position of the parties and was reflective of Plaintiff's inappropriate litigation tactics during the case[,]" but again did not reference any particular statutory basis authorizing the award.

"Generally, an award of attorney fees is not available in Georgia unless authorized by statute or contract." (Citation and punctuation omitted.) *Ward v. Ward*, 289 Ga. 250, 251 (2) (710 SE2d 555) (2011). Here, the Mother requested fees in her counterclaim because she had been forced to hire an attorney to defend against the modification petition, but she has never referenced any particular statute as authorizing attorney fees in this case. The trial court also did not cite to any statute authorizing the award in either the initial order on the modification petition or in the order denying the Father's motion for new trial; in fact, the only reference to a statute in relation to the fee award was the Father's attorney's passing reference to OCGA § 9-15-14 in arguing against the award at the modification petition hearing.

We agree with the Father that the attorney fee award cannot stand under these circumstances. Although in the modification order the trial court made references to factors that indicate that the award was being made under OCGA § 9-15-14 (b) due to sanctionable conduct, the court also referred to the relative financial position of the parties in the order denying the Father's motion for new trial, which would indicate

5

the award was being made under OCGA § 19-6-2. However, an award under OCGA § 19-6-2 based on the financial circumstances of the parties is not applicable here because it only applies to proceedings for alimony, divorce and alimony, or contempt of actions arising out of same, including contempt actions involving child custody or visitation rights in divorce and alimony cases. *Suarez v. Halbert*, 246 Ga. App. 822, 825 (1) (543 SE2d 733) (2000) (OCGA § 19-6-2 "applies exclusively to litigation derived from divorce and alimony disputes[.]").[3] Accordingly, the fee award must be vacated and the case remanded for further proceedings on the issue of attorney fees. Id.

2. The Father next argues that the trial court erred by including $4,195 in child care expenses on Schedule D of the child support worksheet because the Mother did not present any *documentary* evidence which would support an award of work related child care expenses. The Father also argues that those expenses, if any, should have been listed as extracurricular expenses on Schedule E of the child support worksheet instead and that because the expenses should have been treated as expenses for

[3]Although OCGA § 19-6-15 (k) (5) authorizes an award of fees in cases involving modification of child support, neither party makes any argument that fees were awarded under that section, and the trial court gave no indication the award was made pursuant to that section.

extracurricular activities, the trial court was required to enter findings of fact to support a deviation from the basic child support obligation as mandated by OCGA § 19-6-15 (c).

To resolve these issues and address the Mother's contention on appeal that at least some of these issues have been waived, we must set out the relevant testimony and argument from the hearing on the modification petition, the motion for new trial, and the hearing on the motion for new trial. Turning first to the hearing on the modification petition, the transcript shows that the Mother testified that she was seeking an increase in child support because the Father's income had increased and because she believed that the Father should pay for part of the child's extracurricular activities. On cross-examination, the Mother admitted that she did not have documentary evidence of the specific costs of the extracurricular activities with her at the hearing, and on redirect examination she testified that she had provided the Father proof that the costs of the child's extracurricular activities, summer care, and school care amounted to approximately $4,195. At the conclusion of the evidence, the Father objected on the basis that the Mother did not present any evidence regarding the child's extracurricular activities or child care costs. In the modification order, the trial court appeared to reject this contention, finding that the Mother testified without

7

objection that she incurred $4,195 in expenses for extracurricular activities and annotated those costs in her timely filed DRFA.

The Father challenged this finding in his motion for new trial, arguing again that the only evidence presented as to the costs was the Mother's testimony at the hearing, and that the Mother did not specify what activities the child participated in or how much each activity cost. At the hearing on the motion, the Father elaborated on these arguments and also asserted that there was no evidence presented at the hearing to determine the breakdown of the amount spent on extracurricular activities, after school activities, and summer programs; the Mother had placed the activities under Schedule D child care, not Schedule E extracurricular activities on the child support worksheet; and extracurricular activities would require a deviation from the child support guidelines while childcare expenses would not. The Mother's attorney argued that the expenses were properly listed as child care expenses because the child engaged in these activities while the Mother is at work, and that no deviation was required because the expenses did not meet the threshold amount at which a deviation is required. The trial court denied the motion for new trial, finding that the child support calculation was based on the evidence presented at the hearing and was appropriate.

8

Turning to the Father's contentions on appeal, we first note that our Supreme Court has found that testimony alone about the amount incurred for child care expenses may be sufficient proof of those expenses under the "any evidence" standard of review of the trial court's findings of fact. See *Taylor v. Taylor*, 293 Ga. 615, 617 (2) (748 SE2d 873) (2013). But see OCGA § 19-6-15 (h) (1) (D) ("If child care is or will be provided by a person who is paid for his or her services, proof of actual cost or payment shall be shown to the court before the court includes such payment in its consideration."). However, even if the Mother's testimony was sufficient to prove that the expenses were incurred and paid, we believe the remainder of the Father's contentions have merit. Although the Mother argued at the hearing on the motion for new trial and now argues on appeal that the expenses were incurred to provide activities for the child while the Mother was at work, and thus were properly categorized as child care, the Mother's testimony does not fully support that contention. At the hearing, she testified that the $4,195 was the amount expended for summer care, school care, and extracurricular activities, drawing no distinction between expenses that were necessary for the child's "care" and her extracurricular activities. Because it is not altogether clear from the record which categories of expenses were included in the $4,195, or whether all of the child's extracurricular

9

activities that were included as child care on the worksheet occurred while the Mother was working and thus were properly included as child care expenses on Schedule D, instead of extracurricular activity expenses on Schedule E, the trial court's modification of child support must also be vacated and this case remanded for further proceedings consistent with this opinion. Further, even if the Father did not make the same precise argument that he now makes on appeal concerning the trial court's compliance with the written findings requirement of OCGA § 19-6-15,[4] because this case must be remanded for further proceedings and a new order issued, this deficiency can be remedied as necessary depending on the outcome of the proceedings upon remand. See *Kennedy v. Kennedy*, 309 Ga. App. 590, 592-93 (1) (a) & (b) (711 SE2d 103) (2011) (concerning the need for written findings when a deviation is ordered).

3. Lastly, the Father contends that the trial court erred by finding that he failed to file an answer to the Mother's counterclaim because he was not required to file an answer unless the court first ordered him to do so. The Father is correct that OCGA § 9-11-12 specifically provides that an answer to a counterclaim is not required unless

---

[4] See *Winchell v. Winchell*, 2019 Ga. App. LEXIS 564, *6-7 (1) (Case No. A19A1531, decided October 16, 2019) (discussing waiver of compliance with the written findings requirement of OCGA § 19-6-15).

ordered by the trial court. The Father is also correct that in its final order on modification, the trial court noted that "[t]he Father failed to timely file an Answer or Objection on [the] counter-claim[.]" However, it does not appear that the trial court imposed any penalty or otherwise ruled against the Father on the basis that he failed to answer the counterclaim. Accordingly, this enumeration provides no basis for reversal.

*Judgment vacated and case remanded with direction. McFadden, C. J., and Senior Appellate Judge Herbert E. Phipps concur.*